IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Shaun Fauley,** *individually and as the representative of a class of similarly-situated persons,* | )<br>)<br>) |
| **Plaintiff,** | )<br>) No. 15-cv-05581 |
| v. | )<br>) Judge Ronald A. Guzmán |
| **C. Specialties, Inc.,** | )<br>) |
| **Defendant.** | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Status hearing and motion hearing held. Motion by Defendant C. Specialties, Inc. to bifurcate discovery [22] is granted in part and denied in part. Motion by Defendant C. Specialties, Inc. for protective order [34] is granted in part.

**STATEMENT**

Plaintiff Shaun Fauley has filed a complaint individually and on behalf of an unknown class of persons over the purported sending of unsolicited faxes by Defendant in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). According to the complaint, Defendant sent Plaintiff faxed marketing materials without his permission and without a compliant opt-out notice on or about May 7, 2013. Plaintiff also alleges that "[o]n information and belief, Defendant faxed the same and other unsolicited facsimiles . . . to Plaintiff and more than 40 other recipients." (Compl., Dkt # 1, ¶ 16.) Defendant has filed a motion to bifurcate discovery, seeking to limit discovery to issues relating to the named plaintiff only. Defendant argues that it has a viable defense to Plaintiff's individual claims that can be resolved pursuant to a summary judgment motion because its business records show that Defendant had permission from Plaintiff to send the subject fax. Additionally, Defendant intends to petition the Federal Communications Commission for a retroactive waiver of opt-out requirements for any facsimiles sent with prior express permission but which lacked compliant opt-out language. According to Defendant, such retroactive waivers of 47 U.S.C. § 64.1200(a)(4)(iv) have previously been granted in similar cases. Thus, Defendant contends that limited fact discovery is appropriate and would involve only a few witnesses, a relatively small number of documents and no experts. Defendant claims it would be ready to file a motion for summary judgment on Plaintiff's individual claims by February 8, 2016 (approximately three months).

A district court has broad discretion to determine whether class certification is appropriate. *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir.1997) (citing *Ret. Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993)). At issue here is when best to make that determination. The Seventh Circuit has acknowledged that cases exist in which it is appropriate to defer class certification until after decision on the merits, see *Chavez v. Illinois*

*State Police*, 251 F.3d 612, 630 (7th Cir. 2001), and that it might be proper for a judge to consider a motion for summary judgment prior to considering a motion for class certification. The 2003 amendments to Federal Rule of Civil Procedure 23(c)(1)(A) also indicate that requiring the class certification ruling to be made "as soon as practicable after commencement of an action" no longer reflected prevailing practice and failed to take into consideration the many valid reasons that may justify deferring the initial certification decision. Fed. R. Civ. P. 23 advisory committee notes (2003 Amendment). Thus, that language was replaced by requiring determination "at an early practicable time." *Id*.

Contrary to Defendant's position, Plaintiff seeks plenary class discovery, including requests for information regarding recipients not only of the subject fax, but also any other faxes sent by Defendant during the four-year class period. The justification for this expansive discovery appears to be simply that the improper fax message to Plaintiff is, by itself, a sufficient basis for a reasonable belief that Defendant has sent other improper faxes (presumably to individuals other than Plaintiff) during the last four years.

The Court finds unpersuasive Defendant's argument regarding the likelihood of an early successful summary judgment motion that would make the question of class certification moot. Similarly, Plaintiff's argument that because it received one fax communication in violation of the TCPA, it should be allowed to rummage around Defendant's records of all fax communications it sent within the last four years, no matter who the recipients were or what the subject matter, is also unpersuasive. The Court will allow class certification discovery with regards to the subject fax.

**SO ORDERED.**                    ENTERED: October 28, 2015

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**